IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TYSHA MILLER,<br><br>                    Plaintiff,<br><br>     vs.<br><br>WEST CASEY'S, CASEY'S CORPORATE,<br>MARSHALL SIDES, and CITY OF<br>MCCOOK, NE,<br><br>                    Defendants. | **4:25CV3007**<br><br><br>**MEMORANDUM & ORDER** |

Plaintiff Tysha Miller, a non-prisoner, has been given leave to proceed in forma pauperis.  Filing No. 5.  The court now conducts an initial review of Plaintiff's pro se Complaint, Filing No. 1, to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.   **SUMMARY OF THE COMPLAINT**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against West Casey's, Casey's Corporate, Marshall Sides, and the City of McCook for violations of Plaintiff's civil rights.  Filing No. 1.  Additionally, Plaintiff alleges discrimination under the Americans with Disabilities Act ("ADA").  *Id.*  Plaintiff's factual allegations relate to an event at West Casey's on July 14, 2023, at 2:16 AM.  Filing No. 1 at 4.

Plaintiff alleges that on July 14, 2023, at 2:16 AM, she "went into Casey's to get some food and drink with my service dog."  Filing No. 1 at 4.  She alleges that a "Casey's employee . . . refused [her] service and told [her] to leave because [she] had [her] service dog in the store with [her]."  *Id.*  Plaintiff alleges that the employee then "called the McCook police department and had [her] trespassed for having [her] service dog in the store with

1

[her]." *Id.* Plaintiff alleges that Officer Marshall Sides was the law enforcement officer. *Id.*

Based on these factual allegations, Plaintiff alleges that the four defendants violated her accommodations for a service animal under the ADA and 42 U.S.C. § 1983. Filing No. 1 at 3. Plaintiff alleges that Defendants acted under color of state or local law when she "was trespassed from Casey's by the store manager and Officer Marshall Sides for having [her] under control service dog with [her]." Filing No. 1 at 4.

Plaintiff seeks that the Court deem the trespass order unlawful and non-enforceable; order Casey's to train employees about ADA rules and regulations of service animals; and order McCook Police Department to train about ADA rules and regulations and laws of service animals. Filing No. 1 at 5. Plaintiff also seeks $25,000,000 in punitive damages from Casey's, and $25,000,000 in punitive damages from the City of McCook, Nebraska. *Id.*

## II.    STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d

968, 973 (8th Cir. 1999)).  Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).  This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).  However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## III.    DISCUSSION

Liberally construed, Plaintiff alleges violations of her civil rights pursuant to 42 U.S.C. § 1983 and discrimination under Title III of the ADA.  *See* Filing No. 1.  For the reasons that follow, Plaintiff's Complaint fails to state a claim under either 42 U.S.C. § 1983 or the ADA upon which relief may be granted, but the Court will grant Plaintiff leave to file an amended complaint.

### A. Plaintiff's Civil Rights Claims

Liberally construed, Plaintiff alleges violations of her civil rights pursuant to 42 U.S.C. § 1983.  To obtain relief under 42 U.S.C. § 1983, a plaintiff must show (1) the

3

deprivation of a right secured by the Constitution or laws of the United States, and (2) that a person acting under color of state law caused the deprivation. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). "The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights 'fairly attributable to the State?'" *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Thus, an allegation that a private entity has deprived the plaintiff of a constitutional right fails to state a cause of action under 42 U.S.C. § 1983. *See, e.g., Pino v. Higgs*, 75 F.3d 1461, 1464–67 (10th Cir. 1996) ("To bring a claim under § 1983, a plaintiff must initially establish that a defendant acted 'under color of any statute, ordinance, regulation, custom, or usage, of any State' to deprive the plaintiff of 'any rights, privileges, or immunities secured by the Constitution and laws' of the United States. 42 U.S.C. § 1983.") (citations omitted). Therefore, if the actions of the defendant were "not state action, our inquiry ends." *Rendell-Baker*, 457 U.S. at 838. For the reasons that follow, the Court dismisses Plaintiff's civil rights claims against all four defendants: West Casey's, Casey's Corporate, Marshall Sides, and the City of McCook.

### i.    Claims Against West Casey's & Casey's Corporate

Here, two of the defendants are private entities: West Casey's and Casey's Corporate. A private entity's action can only constitute state action when "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (quoting *Jackson v. Metro. Edison Co.*, 419

U.S. 345, 351 (1974)).  Plaintiff does not allege that Defendants' actions were taken under color of state law or were otherwise sanctioned by the state.  Because Plaintiff has failed to set forth facts sufficient to create a nexus between Defendants' actions and the State, the court must dismiss Plaintiff's civil rights claims as Defendants West Casey's and Casey's Corporate.

### ii.   Claims Against Marshall Sides

Plaintiff has sued Officer Marshall Sides in their official capacity.  To obtain relief under 42 U.S.C. § 1983, a plaintiff must show the deprivation of a right secured by the Constitution or laws of the United States.  Here, Plaintiff has not alleged any deprivation of a right secured by the Constitution, nor the laws of the United States.

Because Plaintiff has failed to demonstrate that Defendant Marshall Sides violated her constitutional or statutory rights, either Plaintiff's claim fails as a matter of law or, alternatively, Marshall Sides is entitled to qualified immunity.  *Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007) (if an official did not deprive plaintiff of a constitutional or statutory right, the plaintiff "does not need qualified immunity, as he is not liable under § 1983"); *Ambrose v. Young*, 474 F.3d 1070, 1077 n.3 (8th Cir. 2007) ("[I]f the court finds no constitutional violation occurred, the analysis ends and the issue of qualified immunity is not addressed . . . This is not to say, however, the defendant official is entitled to qualified immunity.  Rather, if no constitutional violation occurred, plaintiff's claim fails as a matter of law because plaintiff did not prove an essential element of the § 1983 claim." (citations omitted).)

Alternatively, because there was no constitutional violation, Defendant Marshall Sides is entitled to qualified immunity.  *See Pearson v. Callahan*, 555 U.S. 223, 243–44

(2009) ("An officer conducting a search is entitled to qualified immunity where clearly established law does not show that the search violated the Fourth Amendment."); *Kulkay v. Roy*, 847 F.3d 637, 646 (8th Cir. 2017) (finding individual defendants entitled to qualified immunity when plaintiff failed to state Eighth Amendment claim); *Ransom v. Grisafe*, 790 F.3d 804, 812–13 (8th Cir. 2015) (because officers' seizure of plaintiff did not violate Fourth Amendment, officers were entitled to qualified immunity).

### iii.    Claims Against City of McCook

To the extent Plaintiff asserts claims against the City of McCook, they must be dismissed.  To prevail on a claim alleged against the City of McCook, Plaintiff must show that the constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise.  *Corwin v. City of Independence, MO.*, 829 F.3d 695, 699 (8th Cir. 2016).  "Official policy involves 'a deliberate choice to follow a course of action . . . made from among various alternatives' by an official who has the final authority to establish governmental policy."  *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cnty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

Plaintiff's Complaint does not contain any facts from which it might reasonably be inferred that the City of McCook had an unconstitutional policy or custom which caused the alleged violations of Plaintiff's rights.  *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) ("At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom."); *see also Iqbal*, 556 U.S. at 679 ("[W]here the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but it has not 'show[n]'—'that

6

the pleader is entitled to relief.'") (quoting Fed. R. Civ. P. 8(a)(2)).  Accordingly, Plaintiff's

claims against the City of McCook must be dismissed.

### B.  Plaintiff's ADA Claims

The Court also liberally construes Plaintiff's Complaint to allege a claim under Title

III of the ADA, which states:

> No individual shall be discriminated against on the basis of disability in the
> full and equal enjoyment of the goods, services, facilities, privileges,
> advantages, or accommodations of any place of public accommodation by
> any person who owns, leases (or leases to), or operates a place of public
> accommodation.

42 U.S.C. § 12182(a).  Under this section, discrimination includes:

> [A] failure to make reasonable modifications in policies, practices, or
> procedures, when such modifications are necessary to afford such goods,
> services, facilities, privileges, advantages, or accommodations to
> individuals with disabilities, unless the entity can demonstrate that making
> such modifications would fundamentally alter the nature of such goods,
> services, facilities, privileges, advantages, or accommodations.

Id. at § 12182(b)(2)(A)(ii).  A person alleging discrimination on the basis of a disability

under Title III must allege "(1) that [she] is disabled within the meaning of the ADA, (2)

that the defendant is a private entity that owns, leases, or operates a place of public

accommodation, (3) that the defendant took adverse action against the plaintiff that was

based upon the plaintiff's disability, and (4) that the defendant failed to make reasonable

modifications that would accommodate the plaintiff's disability without fundamentally

altering the nature of the public accommodation." Amir v. St. Louis Univ., 184 F.3d 1017,

1027 (8th Cir. 1999).

Additionally, as in all federal cases, in order to bring a claim under Title III, a plaintiff

must establish standing.  "The standing requirement is, at its core, a constitutionally

7

mandated prerequisite for federal jurisdiction, and 'an essential and unchanging part of the case-or-controversy requirement of Article III.'" *Johnson v. State of Mo.*, 142 F.3d 1087, 1088 (8th Cir. 1998) (quoting *Mausolf v. Babbitt*, 85 F.3d 1295, 1301 (8th Cir. 1996)). To establish standing, a party "must demonstrate that he has suffered an injury in fact which is actual, concrete, and particularized . . . must show a causal connection between the conduct complained of and the injury . . . [and] must establish that the injury will be redressed by a favorable decision." *Delorme v. United States*, 354 F.3d 810, 815 (8th Cir. 2004). Stated another way, "[t]o have standing a plaintiff must demonstrate more than simply a 'generalized grievance.' . . . The injury must be 'concrete,' not 'conjectural' or 'hypothetical.'" *Pucket v. Hot Springs Sch. Dist. No. 23-2*, 526 F.3d 1151, 1156–57 (8th Cir. 2008). In the context of Title III of the ADA, to allege an "injury in fact," a plaintiff must allege that he is disabled and that he would visit the building at issue "in the imminent future" but for the "known barriers." *Steger v. Franco, Inc.*, 228 F.3d 889, 892–93 (8th Cir. 2000).

Here, Plaintiff alleges that she has a service dog, and thus implies she has a disability that requires a service animal. Plaintiff states that she "went into Casey's to get some food and drink with my service dog" and that the Casey's employee "refused me service and told me to leave because I had my service dog in the store with me." Filing No. 1 at 4. However, Plaintiff does not identify her disability or why a service dog is necessary. Further, Plaintiff does not allege how Defendant has taken any adverse action against her based on her disability. *Id.* Thus, Plaintiff has not alleged enough specifics to avoid dismissal at this stage. Additionally, Plaintiff lacks standing. Plaintiff does not allege any "injury in fact" based on her own disability or her actions in the "imminent future"

relating to a disability, as required by *Steger*.  In light of these findings, Plaintiff's Complaint fails to state a claim under the ADA upon which relief can be granted.

### C.  Leave to Amend

In its current state, Plaintiff's Complaint fails to state a claim upon which relief may be granted and is subject to pre-service dismissal.  The Court, however, shall grant Plaintiff leave to file an amended complaint to allege sufficient facts to state plausible claims for relief under 42 U.S.C. § 1983 and the ADA.  If Plaintiff chooses to file an amended complaint, she must comply with federal pleading rules and keep the following principles in mind.

Although courts construe pro se pleadings liberally, pro se litigants, like all other parties, must abide by the Federal Rules of Civil Procedure.  *See, e.g., Williams v. Harmon*, 294 F. App'x 243, 245 (8th Cir. 2008) (affirming dismissal where pro se litigant failed to comply with the Federal Rules of Civil Procedure).  Fed. R. Civ. P. 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach allegation . . . be simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2), (d)(1).  A complaint must state enough to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

The primary purpose of Rule 8 is to allow the Court and an opposing party to understand whether a valid claim is alleged and, if so, what it is; the complaint must be sufficiently clear so the Court or an opposing party is not required to keep sifting through it in search of what it is plaintiff asserts.  *Cody v. Loen*, 468 F. App'x 644, 645 (8th Cir. 2012) (citing *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775–76 (7th Cir.

9

1994)).  "A litigant cannot ignore her burden of developed pleading and expect the district court to ferret out small needles from diffuse haystacks." *Murillo v. Kittelson*, No. 8:19CV571, 2020 WL 3250231, at *3 (D. Neb. June 16, 2020) (quoting *United States v. Slade*, 980 F.2d 27, 31 (1st Cir. 1992)).

Here, Plaintiff's Complaint does not contain a "short and plain statement" of her claims against each Defendant, nor is each claim "simple, concise, and direct."  Rather, the Court had to try and parse out Plaintiff's claims and factual allegations.  Thus, if Plaintiff files an amended complaint, she must clearly state her legal claims and the facts supporting each claim against each defendant in a clear, concise manner that provides fair notice of the claim and the grounds upon which it rests.

## IV.    CONCLUSION

Plaintiff's Complaint fails to state a claim under 42 U.S.C. § 1983 and the ADA upon which relief may be granted and is subject to dismissal under 28 U.S.C. § 1915(e)(2).  However, on the Court's own motion, Plaintiff will be given 30 days in which to file an amended complaint alleging sufficient facts to state a plausible claim for relief against Defendants under 42 U.S.C. § 1983 and/or the ADA if such allegations can be truthfully and plausibly alleged.  In amending her Complaint, Plaintiff should restate any relevant allegations from her original Complaint and any new allegations and include all of the claims she wishes to pursue against Defendants in one document.  Plaintiff is warned that any amended complaint she files will replace her original Complaint and Supplements. *E.g., In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005).  Plaintiff is encouraged to use the court-approved form to draft her amended complaint, which the Clerk of the Court will provide to her.

10

If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this action will be dismissed without prejudice and without further notice. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after she addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until April 30, 2026, to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff.

2. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the relevant allegations of the Complaint, Filing No. 1, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, her prior pleadings.

3. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event she files an amended complaint.

4. The Clerk of Court is directed to set a pro se case management deadline using the following text: April 30, 2026: amended complaint due.

Dated this 30th day of March, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge